**OMAN CONSTRUCTION COMPANY, Inc., Appellant,**

v.

**CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, Appellee.**

**No. 13393.**

United States Court of Appeals
Sixth Circuit.
April 29, 1958.

Andrew Ewing, Nashville, Tenn., Bailey, Ewing, Davies & Bailey, Nashville, Tenn., on brief, for appellant.

Charles L. Cornelius, Jr., Nashville, Tenn., George H. Armistead, Jr., Nashville, Tenn., on brief, for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

An action was brought by P. C. Harlan against the appellee insurance company to recover under a policy insuring against property damage resulting from explosion. The complaint alleged that blasting which had been carried on in the vicinity of the plaintiff's cold storage plant between April 1 and June 30, 1955, had caused damage to the plant in an amount covered by the policy. The appellee insurance company filed an answer denying that the plaintiff's property had been damaged by blasting and also filed a third party complaint against the appellant construction company, alleging that if the original plaintiff's property had been damaged by blasting, the damage had been caused by the construction company. This appeal is from a judgment entered upon a jury verdict against the construction company for damages to the original plaintiff's property which the jury found had been caused by explosion.

At the trial the appellee insurance company offered an expert witness who testified that the original plaintiff's property damage had not been caused by blasting. Its only other witness was an employee of the appellant construction company. He testified that the only blasting in the vicinity had been performed by the appellant in connection with a construction job at the Madison Shopping Center. He also testified, however, that the appellant had carried on no blasting operations there between April 1 and June 30, 1955, the period during which the damage to the original plaintiff's property allegedly occurred.

It is therefore apparent, as the appellant points out, that the evidence adduced by the appellee as defendant and third party plaintiff was insufficient to impose liability upon the appellant, but that was not the only evidence in the case. The jury also had before them evidence offered by the original plaintiff to the effect that the damage complained of had been caused by blasting, and that blasting operations had been carried on in connection with the construction of the Madison Shopping Center between April 1 and June 30, 1955.

It was, of course, the jury's privilege to accept part of any witness' testimony without accepting the whole. Upon all the evidence, therefore, the members of the jury were entitled to find, as they evidently did, that the original plaintiff's damages had been caused by blasting and that the blasting that caused the damage had been done by the appellant between April 1 and June 30, 1955.

The judgment is accordingly affirmed.